IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CENTRAL ALABAMA FAIR HOUSING CENTER, et al., ) ) ) Plaintiffs, ) ) v. ) ) JULIE MAGEE, Revenue Commissioner for the State of Alabama, et al., ) ) ) ) ) Defendants. ) | CIVIL ACTION NUMBER: 2:11-cv-00982-MHT-CSC |

**STATE DEFENDANT'S FIRST OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Doc. 13)**

State Defendant Julie Magee, in her official capacity as the Revenue Commissioner for the State of Alabama, hereby files her first opposition to the *Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction* (doc. 13).

**The *CAFHC* Claims**

1. Plaintiffs seek a temporary restraining order and preliminary injunction preventing the State Defendant from enforcing Section 30 of Act No. 2011-535 insofar as it applies to Ala. Code § 40-12-255, doc. 13 at 1, and further requiring her to "immediately notify all county officials who are responsible for enforcing the manufactured home registration requirements of Section 40-12-255 of the Alabama Code" of the injunction. Doc. 13-1 at 2, doc. 13-2 at 2.

1

**Act No. 2011-535**

  2.  Attached hereto as **Exhibit 1**[1] is a copy of Act No. 2011-535 as enacted.[2]

  3.  Attached hereto as **Exhibit 2** is a copy of Act No. 2011-535 that has been annotated to indicate which provisions of the Act are not currently effective.  As discussed below, certain provisions have been enjoined in litigation being conducted in the District Court for the Northern District of Alabama and on interlocutory appeal to the United States Court of Appeals for the Eleventh Circuit.  Other provisions are not yet effective either by the terms of the Act or because of the requirements of Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c.  This document is available on the Attorney General's website at http://www.ago.alabama.gov/Page-Immigration (last visited on November 21, 2011).

**Other Challenges to Act No. 2011-535**

  4.  As was noted at the November 18, 2011 hearing in this matter, there are three challenges to Act No. 2011-535 pending in the District Court for the Northern District of Alabama.[3]  Two of the cases are currently on interlocutory appeal from the Court's holdings on motions for preliminary injunction.

  5.  *Hispanic Interest Coalition of Alabama v. Bentley*, Case No. 5:11-cv-02484-SLB (N.D. Ala., pending), was filed on July 8, 2011.  *HICA* Doc. 1.  The plaintiffs are twelve organizations and twenty-four individuals.  *HICA* doc. 1 at ¶¶ 10-165.  They are represented by

---

[1]  Courtesy copies of Exhibits 3, 5, 6, and 7 were provided at the November 18, 2011 hearing.  A courtesy copy of the remaining Exhibits will be delivered to Chambers.

[2]  The Plaintiffs indicate that they have attached a copy of the legislation as enrolled, not as enacted.  Doc. 31 at 2 n.1.

[3]  A State court challenge to the law, *Doe v. Bentley*, Case No. CV-2011-882 (Montgomery County Circuit Court), has been voluntarily dismissed and is not mentioned further.

lawyers from across the country, including lawyers from the Southern Poverty Law Center, the American Civil Liberties Union, and the Mexican American Legal Defense and Educational Fund. *HICA* Doc. 1 at 117-18. The State Defendants are Governor Bentley, Attorney General Strange, the Superintendent of the State Department of Education, the Chancellor of Postsecondary Education, and a district attorney, *HICA* Doc. 1 at 166-69, 172; they are represented by the Attorney General's Office. Additionally, several local superintendents are named as defendants and they have separate counsel. *HICA* Doc. 1 at 170-71.

6.  Following a successful motion for more definite statement, *HICA* Doc. 36 (motion), *HICA* Doc. 104 (opposition), *HICA* Doc. 129 (order), the *HICA* Plaintiffs filed an amended complaint, *HICA* Doc. 131.

7.  Twelve of the *HICA* Plaintiffs sought to proceed under pseudonyms. *HICA* Doc. 2. The State Defendants filed a response, *HICA* Doc. 46, and the Court granted the motion, *HICA* Doc. 103.

8.  On August 1, 2011, the United States filed suit against the State of Alabama and Governor Bentley. *United States v. Alabama*, Case No. 2:11-cv-02746-SLB (N.D. Ala., pending). *U.S.* Doc. 1. The Attorney General's Office represents the State Defendants.

9.  Also on August 1, 2011, a group of church leaders filed suit against Governor Bentley, Attorney General Strange, and a district attorney, *Parsley v. Bentley*, Case No. 5:11-cv-02736-SLB (N.D. Ala., pending). *Parsley* Doc. 1. The Attorney General's Office represents the State Defendants.

10. The *Parsley* Plaintiffs twice amended their complaint on August 11, 2011. *Parsley* Doc. 48; *Parsley* Doc. 50.

11. While there is some overlap in the three lawsuits, each lawsuit targets specific provisions; the *HICA* Plaintiffs additionally challenge Act No. 2011-535 as preempted in its entirety. The United States contends that federal law preempts various provisions of Act No. 2011-535, including Section 30. The *HICA* Plaintiffs also argue that various provisions are preempted, but they raise other constitutional and statutory claims as well; they do challenge Section 30. The Church Leaders focus on Sections 13 and 27 of the Act, which they allege violate their federal constitutional rights with respect to religion.

**The Preliminary Injunction Proceedings: Consolidation and Briefing**

12. On July 21, 2011, the HICA Plaintiffs moved for a preliminary injunction. *HICA* Doc. 37.

13. On August 1, 2011, the United States moved for a preliminary injunction. *U.S.* Doc. 2.

14. On August 3, 2011, the Court entered an order consolidating the *HICA*, *United States*, and *Parsley* cases. *HICA* Doc. 59.

15. On August 5, 2011, the *Parsley* Plaintiffs filed a motion for preliminary injunction. *Parsley* Doc. 15. They filed an amended motion on August 10, 2011. *HICA* Doc. 99.

16. On August 5, 2011, the State Defendants filed an opposition to the *HICA* motion for preliminary injunction, including exhibits, in the *HICA* litigation. *HICA* Doc. 82; **Exhibit 3**. Subsequently, the State Defendants provided the Court and counsel with a Table of Contents and a Table of Authorities, and these are attached as **Exhibit 4**.

17. On August 15, 2011, the *HICA* Plaintiffs filed a reply in support of their motion. *HICA* Doc. 109.

18. On August 15, 2011, the State Defendants filed their opposition to the preliminary injunction motion, including exhibits, in the *United States* case. *HICA* Doc. 110; **Exhibit 5**.

19. Also on August 15, 2011, the State Defendants filed their response to the *Parsley* Plaintiffs amended motion for preliminary injunction. *HICA* Doc. 107.

20. On August 19, 2011, the *Parsley* Plaintiffs filed a reply in support of their motion for a preliminary injunction, *HICA* Doc. 112.  On August 22, 2011, the State Defendants filed a surreply, *HICA* Doc. 117.

21. On August 20, 2011, the State Defendants filed supplemental briefing addressing the *HICA* Plaintiffs' challenge to Section 28 on Equal Protection grounds, *HICA* Doc. 115.  The *HICA* Plaintiffs also filed supplemental briefing.  *HICA* Doc. 116.

22. On August 23, 2011, the United States filed a reply in support of its motion for preliminary injunction.  *HICA* Doc. 120.

23. Also on August 23, 2011, the State Defendants moved to dismiss both the *United States* case, *HICA* Doc. 122, and the *Parsley* case, *HICA* Doc. 121, incorporating their earlier briefing.

**Preliminary Injunction Proceedings: Court Action**

24. The Honorable Sharon Lovelace Blackburn, Chief Judge of the Northern District of Alabama, heard arguments on all three pending motions for preliminary injunction on August 24, 2011.

25. Most of the provisions of Act No. 2011-535 were set to take effect the next week on September 1, 2011.

26. On August 29, 2011, and in light of the complexity of the challenges brought against Act No. 2011-535, Judge Blackburn temporarily enjoined the enforcement of the entire

Act. *HICA* Doc. 126.  The court's Order was not a reflection of the court's views on the merits; it simply allowed the court more time to analyze the issues.

      27.      On September 1, 2011, the Court vacated the consolidation order.  *HICA* Doc. 128.

      28.      On September 28, 2011, Judge Blackburn ruled in all three cases.  First, the Court ruled in the United States' case; the Memorandum Opinion, *US* Doc. 93, and Order, *US.* Doc. 94, are attached as **Exhibit 6**. The Court denied the United States' requested injunction as to Section 30, and also declined to grant relief as to Sections 10, 12(a), 18, 27 and 28.  The Court granted the United States' motion as to Sections 11(a), 13, 16, and 17.

      29.      Next, Judge Blackburn denied the Church Leader's motion in its entirety, holding that their challenge to Section 13 was moot because of the ruling in the *United States* case and that they lacked standing to prosecute the challenge to Section 27.  *Parsley* Doc. 83; *Parsley* Doc. 84.

      30.      Lastly, the Court ruled in the *HICA* case; the Memorandum Opinion, *HICA* Doc. 137, and Order, *HICA* Doc. 138, are attached as **Exhibit 7**.  The Court again denied a motion for preliminary injunction as to Section 30.  The Court held that the *HICA* Plaintiffs challenge to Sections 11(a) and 13 were moot because of the ruling in the United States case, and additionally denied the motion as to Sections 12, 18, 19, 20, 27 and 28.  The Court granted the *HICA* Plaintiffs' motion as to Sections 8, 11(f) and 11(g), as well as to the last sentences of Sections 10(e), 11(e), 13(h).

**Post-Decision Proceedings in the District Court**

31. The *HICA* Plaintiffs appealed, *HICA* Doc. 139, and moved Judge Blackburn to grant an injunction pending appeal, *HICA* Doc. 140. The State Defendants opposed the motion. *HICA* Doc. 144; **Exhibit 8**. The *HICA* Plaintiffs filed a reply. *HICA* Doc. 145.

32. The United States appealed, *US* Doc. 95, and moved Judge Blackburn to grant an injunction pending appeal, *US* Doc. 96. The State Defendants opposed the motion. *US* Doc. 98; **Exhibit 9**.

33. On October 5, 2011, the Court entered short Orders denying both motions for injunctions pending appeal. The *HICA* Order, *HICA* Doc. 147, is attached as **Exhibit 10**. The *United States* Order, *US* Doc. 99, is attached as **Exhibit 11**.

34. The *HICA* Plaintiffs filed an amended notice of appeal, including the denial of the motion for an injunction pending appeal. *HICA* Doc. 149.

35. On October 7, 2011, the State Defendants filed their notices of cross-appeal. *HICA* Doc. 150; *US* Doc. 101.

36. The district court proceedings in the *HICA*, United States and *Parsley* cases are generally stayed until mid-January 2012.

**Proceedings in the Eleventh Circuit**

37. On October 6, 2011, the United States filed a *Time Sensitive Motion for Injunction Pending Appeal and Temporary Injunction Pending Full Consideration and for Expedited Briefing and Argument*.

38. On October 7, 2011, the *HICA* Plaintiffs filed a *Time-Sensitive Motion for Preliminary Injunction Pending Appeal and for Expedited Appeal*.

39. Also on October 7, 2011, the State Defendants filed *Alabama and Governor Bentley's Preliminary Response to the United States' Request for a Temporary Injunction*. **Exhibit 12.**

40. Finally on October 7, 2011, the Eleventh Circuit entered an Order setting a briefing schedule on the motions for injunctions pending appeal.[4]

41. On October 11, 2011, the State Defendants filed a consolidated opposition to the motions for injunction pending appeal. **Exhibit 13.**

42. On October 12, 2011, the United States and the *HICA* Plaintiffs filed replies in support of their motions.

43. On October 14, 2011, the Eleventh Circuit issued an Order declining to enjoin Section 30 pending appeal. **Exhibit 14.** The Eleventh Circuit declined to enjoin Sections 12, 18 and 27, but did grant the motions as to Sections 10 and 28.

44. The parties are now in the process of briefing the appeal. The *HICA* Plaintiffs and the United States filed their principal briefs on November 14, 2011. As the schedule currently stands, briefing should be complete in late January 2012, and oral argument will be held the week of February 27, 2012 in Atlanta, Georgia.

---

[4] The Order also expedites the merits briefing, but the parties have since been informed that a normal schedule is to be followed.

Respectfully submitted,

LUTHER STRANGE
 (ASB-0036-G42L)
*Attorney General*

BY:

s/ Misty S. Fairbanks
Margaret L. Fleming  (ASB-7942-M34M)
James W. Davis  (ASB-4063-I58J)
Misty S. Fairbanks  (ASB-1813-T71F)
William G. Parker, Jr.  (ASB-5142-I72P)
Joshua K. Payne  (ASB-1041-A55P)
*Assistant Attorneys General*

**OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, Alabama 36130
Telephone:   (334) 242-7300
Facsimile:    (334) 353-8440
mfleming@ago.state.al.us
jimdavis@ago.state.al.us
mfairbanks@ago.state.al.us
wparker@ago.state.al.us
jpayne@ago.state.al.us

***Attorneys for the State Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel for Plaintiffs who are registered for electronic service in this case:

Mary Bauer
Samuel Brooke
Southern Poverty Law Center
4100 Washington Ave.
Montgomery, AL 36104
mbauer@splcenter.org
samuel.brooke@splcenter.org

s/ Misty S. Fairbanks
*Assistant Attorney General*

9