IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CENTRAL ALABAMA FAIR        )
HOUSING CENTER, et al.,     )
                            )
    Plaintiffs,             )
                            )       CIVIL ACTION NO.
    v.                      )         2:11cv982-MHT
                            )             (WO)
JULIE MAGEE, in her         )
official capacity as        )
Alabama Revenue             )
Commissioner, and           )
JIMMY STUBBS, in his        )
official capacity as        )
Elmore County Probate       )
Judge,                      )
                            )
    Defendants.             )
```

OPINION AND ORDER

On November 18, 2011, the plaintiffs filed this lawsuit charging that defendants Julie Magee (in her official capacity as Alabama Revenue Commissioner) and Jimmy Stubbs (in his official capacity as Elmore County Probate Judge) violated the United States Constitution, as enforced through 42 U.S.C. § 1983, and the Fair Housing Act, 42 U.S.C. § 3604, by applying § 30 of the

Beason-Hammon Alabama Taxpayer and Citizen Protection Act, 2011 Ala. Laws 535, to Alabama's manufactured homes statute, 1975 Ala. Code § 40-12-255.  The plaintiffs' complaint was accompanied by both a motion for temporary restraining order and a motion for preliminary injunction.  After meeting with counsel for both sides, the court set both motions for a November 23 evidentiary hearing.

On November 23, after conducting an evidentiary hearing and entertaining oral argument from both sides, the court granted the plaintiffs' motion for a temporary restraining order, with the order set to expire on December 7, 2011, at 4:30 p.m.  <u>Cent. Ala. Fair Hous. Ctr. v. Magee</u>, 2011 WL 5878363 (M.D. Ala. Nov. 23, 2011).

On November 28, defendant Magee filed a motion to dissolve the temporary restraining order, and, on November 30, the plaintiffs filed a motion to enforce and amend it.  The court set the plaintiffs' motion for a December 1 evidentiary hearing.

2

On December 1, after receiving and reviewing briefs from the parties, the court denied the defendants' motion to dissolve.  Cent. Ala. Fair Hous. Ctr. v. Magee, 2011 WL 6010501 (M.D. Ala. Dec. 1, 2011).  Also just prior to the December 1 hearing, the parties resolved the issues presented by the plaintiffs' motion to enforce and amend, and the motion was withdrawn on December 2.

At the December 1 hearing, defendant Magee asked for clarification of an issue.  The court stated that the issue would be clarified in its order resolving the plaintiffs' preliminary-injunction motion after further briefing by the parties.  Defendant Magee filed her supplemental brief on December 5, and the plaintiffs filed their supplemental brief on December 6.

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order will expire no later than 14 days after its issuance "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."

The Rule further provides that "The reasons for an extension must be entered in the record."  Because the court has had to spend substantial time addressing issues that arose after entry of its order granting the motion for temporary restraining order; because of the need to review the recently filed briefs (with the last one filed only yesterday) on defendant Magee's request for clarification; and because of the complex issues presented by this litigation, the court needs more time to resolve the plaintiffs' motion for preliminary injunction.

***

Accordingly, and "for good cause," Fed.R.Civ.P. 65(b)(2), it is ORDERED that the temporary restraining order entered on November 23, 2011, (doc. no. 50), is extended to December 12, 2011, at 4:30 p.m., at which time it will expire.  See Maine v. Fri, 483 F.2d 439, 441 (1st Cir. 1973) ("as long as the hearing on the preliminary injunction is held expeditiously within the

appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision"); see also Assocs. Fin. Servs. Co. v. Mercantile Mortg. Co., 727 F. Supp. 371, 375 (N.D. Ill. 1989) (Moran, J.) (granting several month extension because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction").

   DONE, this the 7th day of December, 2011.

                          /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE